■ CELIA D. GOODMAN, Respondent, v SOLACK ESTATES, INC., et al., Defendants, and FINKELSTEIN, SCHWARTZ & GOLDSTEIN, P. C., Appellant.— Order, Supreme Court, New York County, entered December 17, 1979, granting reargument of an order entered November 21, 1979, and adhering to the original decision, dismissing the first, fifth, sixth and seventh affirmative defenses interposed by the defendant law firm and striking in its entirety interrogatories propounded by that defendant, reversed, on the law, as to that part of the order that dismissed the affirmative defenses, and, on the law and on the facts, as to that part of the order striking the interrogatories, the affirmative defenses are reinstated and the interrogatories restored, without costs. This is an action by a tenant for damages in connection with her eviction from an apartment, which eviction was ultimately vacated. (See *Solack Estates v Goodman,* 78 AD2d 512.) The defendant Finkelstein, Schwartz & Goldstein, P. C., a law firm, appeals from an order dismissing four of its affirmative defenses on the ground that the defendant law firm is bound under the doctrine of collateral estoppel by the judgment in the eviction proceedings, and further striking as unduly prolix its interrogatories. As to the fifth and sixth affirmative defenses, they allege, respectively, that the defendant committed no fraud and that the defendant committed no fraud or other wrongful conduct. In *Solack Estates v Goodman (supra)* this court explicitly disapproved the findings of the Civil Court relied upon in the order appealed from. As to the first and seventh affirmative defenses, these allege, respectively, that plaintiff is bound by a stipulation entered into in the Civil Court eviction proceedings holding landlord and its agents harmless, which stipulation was subsequently vacated after a hearing, and further assert that the defendant law firm is not bound in this action by the Civil Court judgment. We do not believe that collateral estoppel is appropriately applied to a law firm on the basis of a judgment entered against a client in a proceeding in which the law firm was not a litigant but was acting solely as counsel. We further note that the motion to vacate the stipulation resulting in its vacatur and the judgment in favor of the tenant in the Civil Court proceeding set forth no claim of fraud or misconduct against the defendant law firm. Nor do we agree that the interrogatories propounded by the defendant were so prolix and burdensome

as to warrant their being struck. Appeal from order of the Supreme Court, New York County, entered November 21, 1979, dismissed as academic in view of the above disposition, without costs. Concur—Fein, J. P., Sandler, Sullivan, Bloom and Carro, JJ.